UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RAFAEL J. OLMO,

          Plaintiff,

   v.

IHUOMA NWACHUKWU, et al.,

          Defendants.

Case No. 24-10913 (BRM)(MAH)

**MEMORANDUM AND ORDER**

Before the Court is *pro se* plaintiff Rafael J. Olmo ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF No. 2). Based on his affidavit of indigence (ECF No. 2), the Court grants him leave to proceed IFP and orders the Clerk of the Court to file the Complaint. Also before the Court is Plaintiff's motion for the appointment of counsel (ECF No. 3), which the Court denies without prejudice.

**A. § 1983 Civil Rights Claims and Americans with Disabilities Act Claims**

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

Plaintiff is currently housed at New Jersey State Prison ("NJSP"), in Kearny, New Jersey. Plaintiff brings this civil rights action, pursuant to 24 U.S.C. § 1983, against Defendants Dr. Ihuoma Nwachukwu ("Nwachukwu"), Dr. Ashraf Haggag ("Haggag"), and University Correctional Health Care ("UCHC"). (*See generally* ECF No. 1.)

The Court has screened the Complaint and determined that Plaintiff's § 1983 Eighth Amendment deliberate indifference to medical needs regarding the Defendants' denial of a medical mattress against Defendants Haggag and Nwachukwu shall proceed. Plaintiff premises this claim on the allegations that in August 2023, a physician at University Hospital, Dr. Erin Feinstein, recommended Plaintiff receive a "medical mattress to treat his serious medical condition." (*Id.*) Plaintiff submits that subsequent to the recommendation for a medical mattress, both Defendant Haggag and Defendant Nwachukwu denied Plaintiff's request for the mattress on various occasions. (*See id.* at 4–8.)

Plaintiff's claim seeking relief under the Americans with Disabilities Act ("ADA") against Defendants Haggag and Nwachukwu in their official capacities for prospective injunctive relief shall proceed. Federal ADA claims for prospective injunctive relief against state officials are authorized by the *Ex parte Young* doctrine. *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 179 (3d Cir. 2002). However, Plaintiff's ADA claim against Defendants Haggag and Nwachukwu in their individual capacities are dismissed without prejudice. State officials sued in their individual capacities cannot be sued under Title II of the ADA. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002); *Matthews v. Dep't of Corr.*, 613 F. App'x 163, 170 (3d Cir. 2015).

Plaintiff's Eighth Amendment denial of medical care claim against Defendant Nwachukwu regarding the denial of wheelchair accessible transportation is dismissed without prejudice. "[T]o set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of [government] officials that constitutes deliberate indifference to that need." *Quinones v. Cty. of Camden*, No. 171-3769, 2018 WL 3586270, at *3 (D.N.J. July 26, 2018) (citing *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976);

*Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003)). A serious medical need is: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003). "'Deliberate indifference' is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm." *Quinones*, 2018 WL 3586270, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994)).

Plaintiff submits only that prior to August 31, 2023, he requested wheelchair accessible transportation for court and medical trips and on August 31, 2023, Defendant Nwachukwu failed to order that transportation. (ECF No. 1 at 5.) Plaintiff fails to plead sufficient facts to establish Defendant Nwachukwu was aware of these requests or of Plaintiff's need for such transport on August 31, 2023 and was deliberately indifferent to that need. As such this Court must dismiss without prejudice Plaintiff's Eighth Amendment claim regarding wheelchair accessible transportation.

Plaintiff's claims against Defendant UCHC are also dismissed without prejudice. To plead a plausible claim for relief under § 1983, a plaintiff must plead facts which would show that the named defendants had personal involvement in the alleged wrongs. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Where the named defendant is a third-party entity that contracts with the state to provide services, a plaintiff seeking to demonstrate the contractor had personal involvement in a violation must plead facts which show that the alleged constitutional violation is the result of a policy or custom put into effect by the contractor. *See Natale v. Camden Cnty. Corr. Facility*, 318

F.3d 575, 583-84 (3d Cir. 2003). *see also Defreitas v. Montgomery Cnty. Corr. Facility*, 525 F. App'x 170, 177 (3d Cir. 2013) (listing three ways a policy or custom can be established). A formal policy or custom will be the cause of an alleged violation where it is the "moving force" behind the violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To plead a formal policy, a plaintiff must allege facts indicating that a decisionmaker with final authority established an applicable formal proclamation, policy, edict, or rule. *Natale*, 318 F.3d at 584. A corporate custom instead exists where a given action has not been formally approved by the decisionmaker, but is "so widespread as to have the force of law." *Id.* Plaintiff has not pled facts that Defendant UCHC adopted a policy or custom that violated his constitutional rights. The claims against Defendant UCHC are dismissed without prejudice.

Finally, Plaintiff's First Amendment retaliation claim against Defendants Haggag and Nwachukwu is dismissed without prejudice. To state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) she engaged in constitutionally protected conduct; (2) she suffered an adverse action sufficient to deter a person of ordinary firmness from exercising her constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (per curiam). The Complaint alleges that Defendants Haggag and Nwachukwu's denial of Plaintiff's request for a medical mattress was in retaliation for his filing of grievances regarding the matter. (*See generally* ECF No. 1.) However, the Complaint submits that Plaintiff was denied the medical mattress and then he began filing inmate injuries and grievances. (*See id.*) The Complaint does not plead sufficient facts to show Plaintiff's filing of grievances was the

4

motivating factor behind the denial of his request for a medical mattress. As such, Plaintiff's First Amendment retaliation claim is dismissed without prejudice.

### B. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of *pro bono* counsel. (ECF No. 3.) Civil litigants do not have a constitutional or statutory right to appointed counsel. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Section 1915(e)(1) provides, however, that "[t]he court may request an attorney to represent any person unable to employ counsel." *See Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). Whether a district court chooses to request counsel depends on several factors, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Tabron*, 6 F.3d at 155–57).

Although Plaintiff has established his indigence and has pled an Eighth Amendment deliberate indifference to medical needs claim and ADA claim against Defendants Haggag and Nwachukwu with at least arguable merit, the Court finds that the appointment of counsel is not warranted at this time. The Court reaches this conclusion because although Plaintiff claims he filed the Complaint with the assistance of a fellow inmate, Plaintiff was able to put forth his claims in a clear fashion. It is not clear at this early juncture whether Plaintiff will require a medical expert. The degree of factual investigation needed and Plaintiff's ability to engage in factual investigation is also unclear at this time, and once the case is proceeded, the Defendants will be required to turn over responsive documents in discovery. The issues presented by Plaintiff do not appear to involve

complex legal issues at this point. The Court finds that, on balance, these *Tabron* factors weigh against the appointment of counsel at this time. Plaintiff's request for the appointment of counsel is therefore denied without prejudice. Plaintiff may reapply for pro bono counsel at a later date, if appropriate.

Accordingly, and for good cause appearing,

**IT IS** on this 7th day of February 2025,

**ORDERED** Plaintiff's IFP application (ECF No. 1-1) is **GRANTED**; and it is further

**ORDERED** that the Complaint shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of New Jersey State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40%

6

deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** Plaintiff's (1) Eighth Amendment deliberate indifference to medical needs claim regarding a medical mattress against Defendants Haggag and Nwachukwu; and (2) ADA claim against Defendants Haggag and Nwachukwu in their official capacity for prospective injunctive relief shall **PROCEED**; it is further

**ORDERED** Plaintiff's (1) Eighth Amendment claim regarding wheelchair accessible transportation; (2) ADA claim against Defendants Haggag and Nwachukwu in their individual capacities; (3) claims against UCHC; and (4) First Amendment retaliation claims are **DISMISSED WITHOUT PREJUDICE**;

**ORDERED** the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; and it is further

**ORDERED** upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; and it is further

**ORDERED** Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** Plaintiff's motion for the appointment of counsel (ECF No. 3) is **DENIED without prejudice**; it is finally

**ORDERED** the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum and Order via regular mail.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**